## PLANTERS' INSURANCE COMPANY *v.* TENNESSEE FOR THE USE OF MEMPHIS.

ERROR TO THE SUPREME COURT OF THE STATE OF TENNESSEE.

No. 678. Argued January 20, 21, 22, 1896. — Decided March 2, 1896.

In 1860 the legislature of Tennessee incorporated the Energetic Insurance Company of Nashville, with a proviso in the charter limiting its taxation to one quarter of one per cent on its capital stock. In 1870 a new constitution was adopted by the State, forbidding such limitation. In 1884 the surviving corporators of the Energetic Insurance Company, which had not then been organized, met and organized the company under that name. In 1885 the name of the company was changed by legislative act to Planters' Fire and Marine Insurance Company, and it was authorized to remove its *situs* to Memphis, which it did, and increased its capital stock. Since that time it has regularly paid its taxes at the rate named in the act of 1860. In a suit to recover taxes at the regular tax rate, which was in excess of the statutory limitation; *Held*, that the organization of the corporation having been made subsequently to the adoption of the constitution of 1870, and of its coming into force, the corporation was subject to the provisions of that instrument regulating taxation.

THIS was another bill filed by the State of Tennessee for the use of the city of Memphis against defendants below to

recover taxes alleged to be due on the capital stock or shares of stock in the corporation plaintiff in error. The Supreme Court of Tennessee gave judgment in favor of the plaintiff below, and the plaintiffs in error have brought the case here for review. The case was tried upon an agreed statement of facts, among which are the following: On the 24th day of March, 1860, the Energetic Insurance Company of Nashville was incorporated. By the sixtieth section of that charter it was provided "that said company shall pay to the State an annual tax or bonus of one fourth of one per cent on each share of the capital stock subscribed, which shall be in lieu of all other taxes." On the 10th day of December, 1866, the Planters' Insurance Company was incorporated, and thereafter it conducted a general fire insurance business in the city of Memphis up to the year 1885. No immunity from taxation was granted that company. On the 27th day of March, 1885, the name of the Energetic Insurance Company was changed to the Planters' and Marine Insurance Company of Memphis, and the company was authorized to remove its *situs* and office to the then taxing district of Shelby County, now the city of Memphis.

From the time of the passage of the act providing for the incorporation of the Energetic Insurance Company in 1860 down to the 30th day of January, 1884, no action was taken by the incorporators named in the act towards organizing a corporation accepting the charter. On the last named date a meeting was had of some of the incorporators, named in the act, and the first minutes which can be found in the office of the defendant corporation, or which it can produce, are the minutes of the incorporators, stockholders, and directors held on that day. Six individuals were named in the original charter as incorporators, together with such other persons as might thereafter be duly associated with them, and at this meeting of the stockholders in January, 1884, four of them were present, and the other incorporators mentioned in the charter were dead at that time. It appears from those minutes that, pursuant to the terms and stipulations of an act of the legislature of Tennessee, a meeting was that day —

January 30, 1884 — called of the incorporators of the Energetic Insurance Company of Nashville, and in response to that call four of such incorporators appeared.  A moderator was selected and books were opened, or ordered to be opened, for subscriptions to the capital stock of the company, and it was resolved that the first directory should consist of five persons.  Stock was then subscribed by the various persons, amounting to $100,000, and the stockholders thus subscribing, being present either in person or by proxy, it was unanimously agreed by the incorporators present that the stockholders should go into an election for directors, and that the incorporators as such should adjourn.  Thereupon, on the same day, it appears from the minutes that a meeting of the stockholders of the company was held and a board of directors elected, and the stockholders then voted to call a meeting of the directors for the same day. . A meeting of the directors was then held, and a president, secretary, and treasurer of the company elected, and from that day (January, 1884) the organization of the corporation plaintiff in error was regular and continuous.

After its name was changed by the legislature to the Planters' Fire and Marine Insurance Company, and it was authorized to remove its *situs* to the city of Memphis, its stock was increased to $150,000 and it removed its place of business to Memphis, and bought out the assets and property of the Planters' Insurance Company and reinsured its risks.  Since that time the defendant has regularly paid the commutation tax of one fourth of one per cent on each share of capital stock subscribed to the State of Tennessee, pursuant to the terms of the charter, up to the present time.  By virtue of the general revenue laws of the State, the corporation, plaintiff in error, or its stockholders, have been taxed upon the capital stock or shares of stock at a greater rate than that provided for in the sixtieth section of the act of incorporation, and the plaintiffs in error claim that by virtue of that sixtieth section they are entitled to exemption from all taxation, except that therein provided for.

*Mr. T. B. Turley,* (with whom was *Mr. L. E. Wright* on the brief,) for plaintiffs in error.

*Mr. S. P. Walker,* (with whom were *Mr. C. W. Metcalf* and *Mr. F. T. Edmondson* on the brief,) for defendants in error.

MR. JUSTICE PECKHAM, after stating the case, delivered the opinion of the court.

The claim set up by plaintiffs in error is that the insurance company was duly incorporated as the Energetic Insurance Company of Nashville, under the act passed March 24, 1860; that it is the same company as therein incorporated, and entitled to all the benefits and immunities, among them that of exemption from taxation granted by that charter.

The defendants in error deny that claim, and assert the right to tax by virtue of the general revenue laws of the State. They assert that by reason of the failure to accept the charter and organize thereunder until after the lapse of 24 years the corporation did not acquire the right of exemption provided for in the sixtieth section of the charter, because at the time the company was organized in 1884 the constitution of the State of Tennessee, adopted in 1870, was in full force, and by that constitution any exemption of the property of the corporation, its capital stock or its shares of stock, was prohibited.

The plaintiffs in error answer that they are either a corporation organized under that charter or else there is no corporation, and the individuals assuming to act as such should be sued in their individual capacity, and if liable at all for any taxes whatever, they must be liable as individuals only. They further say that the State by its action herein recognizes them as a corporation, and if a corporation at all, they are such under the original charter above mentioned, and if they be a corporation under such charter, they are entitled to all the rights and privileges and immunities granted by that charter as a whole, and that they cannot be prosecuted as a corporation under that charter for the purpose of compelling them to

pay taxes, and, at the same time, be denied the right of exemption from such payment granted by that sixtieth section. They also allege that this action of the State is a collateral attack upon their charter by denying their immunity from taxation given by its sixtieth section, and therefore calling in question its existence as a corporation, and an action of that kind can only be maintained by the State by means of a *quo warranto,* either against the corporation itself for the exercise of powers not granted it, or against the individuals for assuming to exercise the corporate powers.

For the purpose of effecting a dissolution of a corporation grounded upon some alleged forfeiture of its rights and powers, the State must act through its attorney general and by action in the nature of *quo warranto.* This is not such an action, and the dissolution of the corporation is not its object. The State in effect so far recognizes it as a corporation as to demand payment of taxes on its capital stock, or on its shares of stock, and when as a defence to that action the corporation plaintiff in error, or its stockholders, set up its alleged right of exemption under the sixtieth section of the charter, the answer of the State is, you are not entitled to that exemption, because at the time your charter was accepted, 24 years after it was granted by the legislature, the constitution of the State prevented the grant of any exemption such as is claimed by you, to which the plaintiffs in error rejoin, that in this action you cannot look at the time when the charter was accepted, but as the corporation is acting under the original charter, the sixtieth section remains in full force.

We think that even in this action it is proper for the State to inquire as to the time of the acceptance of the charter for the purpose of determining what powers were actually granted. If the charter had been accepted and the individuals organized under it prior to the adoption of the constitution of 1870, then the exemption might have gone with it; but we think it entirely possible to hold that by the acceptance of the charter, assuming it to have been within a reasonable time, but after the constitution was adopted, such acceptance (while subsequently recognized by the legislature in permitting it to

change its *situs*) must be taken in connection with the provisions of the constitution existing at the time, and that while the incorporators might take all the other rights, powers and privileges granted by the charter, so far as to give them the franchise to be a corporation and exercise the powers therein granted, the immunity of exemption would not pass under the grant. It might possibly have been held, in a direct attack of the State upon the charter, that there had been an unreasonable delay in accepting it, and that consequently there was in law no corporation under the charter. That course was not taken, and the legislature, after the assumed organization under the charter in 1884, passed an act changing the name of the corporation and permitting it to change its *situs*. It might, therefore, be claimed that it thereby recognized the existence of the corporation under the charter, but in subordination to the constitution and laws existing at the time when the charter was accepted.

We think upon these facts the exemption from taxation did not pass to the corporation, and the assessments were in consequence legal and valid.

The judgment is, therefore,

*Affirmed.*