[Sac. No. 4074. In Bank.—January 24, 1929.]

MINETTA G. CUTTING, Appellant, v. MAHLON R. BRYAN et al., Respondents.

Dunne, Dunne & Cook and Allen & McNamara for Appellant.

Redman & Alexander, Bert Schlesinger, Walter Loewy, A. B. Weiler and John L. McNab for Respondents.

RICHARDS, J.—The plaintiff on or about January 6, 1927, commenced this action in the superior court in and for the county of Siskiyou, alleging herself to be the wife of one Henry C. Cutting, and alleging that the property, consisting of mining claims, to which the action related, was and for some time prior to said date had been the community property of herself and her said husband. Upon such averments she sought declaratory relief to the extent permitted under section 1060 et seq. of the Code of Civil Procedure decreeing the extent of her community interest in said property. She further sought to have the title to said property quieted against a number of defendants alleged to be asserting adverse claims thereto. Shortly after the commencement of the action Mahlon R. Bryan, one of said defendants, presented and filed in said court a motion to dismiss the action, supported by the affidavit of one Lloyd L. Root, wherein it was set forth that said Root was the duly appointed, qualified and acting receiver in an action which had been commenced several months prior to the institution of the present action in the United States district court for the northern district of California, wherein Mahlon R. Bryan was plaintiff and Henry C. Cutting and a number of other persons and corporations were defendants, and wherein it was sought to have it adjudicated that whatever title said Henry C. Cutting or any of his co-defendants had in the property in question was held in trust, and not otherwise, for the use and benefit of the plaintiff in said action, and that the title to said property should be conveyed to said plaintiff by said trustee and quieted as against the said Henry C. Cutting and each and all of his co-defendants. The affiant further asserted that the said United States district court had thus acquired and taken sole jurisdiction over said property for the purpose of determining and quieting the title thereto and had proceeded to exercise said jurisdiction to the extent of appointing the affiant as the receiver of said property and of making and entering an interlocutory decree in said action after a trial thereof had therein determining the issues presented therein, which action and the receivership therein was still pending in said court, and that said property and the whole thereof was in the hands of said receiver and was in the custody of and in the course of

administration by said court, pursuant to its said decree and at the time of the institution of the present action and of the motion of said Bryan to dismiss the same. Upon the hearing of said motion, the foregoing facts being uncontested, the trial court made and entered its judgment and order dismissing the present action. It is from such judgment and order that this appeal has been taken.

In so far as the plaintiff sought declaratory relief by the institution of this action against her husband, it would seem that the judgment and order of the trial court dismissing the same must be held to have been a finality, from which the plaintiff could obtain no relief upon this appeal, in view of the provisions of section 1061 of the Code of Civil Procedure, which provides that "The court may refuse to exercise the power granted by this chapter in any case where its declaration or determination is not necessary or proper at the time under all the circumstances." The order of the trial court in refusing to entertain this action, in so far as the declaratory relief sought therein is concerned, must, therefore, be held to have been made under the discretionary power invested in it by the foregoing provision, and hence must be held to be not reviewable upon this appeal, except for an abuse of discretion, which is not shown.

In so far as this action has been instituted by the plaintiff for the purpose of quieting her title as against the alleged adverse claims of the defendants, it must be held, in conformity with the general rule of comity established by a long line of authority, that the court which first takes the subject matter of a litigation into its control for the purpose of administering the rights and remedies with relation to specific property obtains thereby jurisdiction so to do, to the exclusion of the exercise of a like jurisdiction by other tribunals, the powers of which are sought to be invoked by parties or their privies to the original action. (*In re Cohen*, 198 Cal. 221, 226 [244 Pac. 359]; and cases cited; *Covell* v. *Heyman*, 111 U. S. 176 [28 L. Ed. 390, 4 Sup. Ct. Rep. 355]; *Farmers Loan & Trust Co.* v. *Lake Street E. R. Co.*, 177 U. S. 51 [40 L. Ed. 667, 20 Sup. Ct. Rep. 564]; *Kline* v. *Burke Construction Co.*, 260 U. S. 226 [24 A. L. R. 1077, 67 L. Ed. 226, 43 Sup. Ct. Rep. 79, see, also, Rose's U. S. Notes], and many other

cases.) ■ The fact that the plaintiff was not expressly made a party to the action which had theretofore been commenced and was being prosecuted in the federal court does not, in our opinion, militate against the application of the foregoing principle, for the reasons set forth in certain of the cases above cited, and for the additional reason that the husband of the plaintiff was the principal party defendant in said action, and as such was representing the community interest of himself and also of his wife in said property, and that as to such interest the plaintiff herein was in privity with her husband and was represented in said action by him as fully as though she had been expressly made a party thereto. (McKay on Community Property, 2d ed., sec. 1085; 13 Cal. Jur., p. 882; *Estate of Clark*, 190 Cal. 354 [212 Pac. 622]; *Lichty* v. *Lewis*, 63 Fed. 535; s. c., 77 Fed. 111 [23 C. C. A. 59].)

It follows from the foregoing that the judgment and order of the trial court dismissing this action for the reason stated therein must be, and the same is hereby, affirmed.

Shenk, J., Seawell, J., Langdon, J., Curtis, J., and Waste, C. J., concurred.

PRESTON, J., Concurring.—I concur. I do so, however, with this explanation. As I read the opinion of Mr. Justice Richards, he in effect holds that whatever may be the rights of husband and wife *inter se* in and to the community real property, she was represented by him in the action in the federal court against the husband, which was made the basis for the dismissal of the action now under review. It is only upon this theory that the federal court acquired jurisdiction of the subject matter of the action, for if her interest is not represented by him, then the subject matter of the two actions cannot be said to be the same. Under this view the effect of the recent amendments (Stats. 1923, p. 29) giving the wife testamentary power over half of the community property is not necessarily involved.

It is true that the Washington courts have declared the wife a necessary party in any action respecting the community real property and that a judgment against the husband alone is void. But in view of the nature of the

community estate and the difficulty in fitting it into our system of jurisprudence; in view of the fact that exclusive management and control, with the general power of disposition, is vested in the husband; in view of the fact that the wife may not by her own acts alone charge or bind the community estate; in view of the fact that her separate estate is free from the community obligations, and for other reasons that need not be enlarged upon, I am content to approve the rule that in all ordinary situations the wife is represented by the husband in suits by or against him involving the community real estate, and this, too, notwithstanding the provisions of section 172a of the Civil Code, requiring her signature to a transfer of such property, and notwithstanding the further fact that a judgment in such an action may have the practical effect of a conveyance. Such a holding, too, removes all reason for hesitation in declaring the right of the wife in the community property acquired since the effective date of the said amendments of 1923 to be a vested one, as is intimated in the recent case of *Estate of Phillips*, 203 Cal. 106 [263 Pac. 1017].

Rehearing denied.

All the Justices concurred.