[Civil No. 4166.   Filed March 4, 1940.]

[99 Pac. (2d) 706.]

# L. J. BRISTOL and ALMA BRISTOL, Appellants, v. EDGAR S. MOSER, Appellee.

Mr. J. C. Wilson and Mr. Allan K. Perry, for Appellants.

Mr. Erwin H. Karz, and Messrs. Lewkowitz & Wein, for Appellee.

LOCKWOOD, J.—Edgar S. Moser, hereinafter called plaintiff, brought suit against J. F. McCallister and Opal McCallister, his wife, and L. J. Bristol and Alma Bristol, his wife, hereinafter called defendants, to recover damages for personal injuries arising out of the alleged negligence of the defendants. The McCallisters defaulted and the case was tried to a jury which returned a verdict in favor of plaintiff in the sum of $2,000 against each and all of the defendants, and J. D. Bristol and Alma Bristol have appealed from the judgment rendered thereon.

There are a number of assignments of error, but we think we need consider only one, which is that the evidence was insufficient to sustain the verdict and judgment. The evidence, taken as strongly in behalf of plaintiff as it may reasonably be construed, shows the following situation: In the month of September, plaintiff, who was at that time twenty-one years of age, met defendant J. F. McCallister, who told plaintiff he was sawing wood near Gila Bend, and hired plaintiff to work. On the next day, while plaintiff was lifting logs up to a circular saw, he stumbled backward and fell, and his right arm came in contact with the saw and was entirely severed. McCallister immediately placed a tourniquet on the arm, put plaintiff in his car and drove him to the woodyard of Bristol, where they picked up the latter, and then took plaintiff to a hospital in Buckeye, where he remained for approximately

two months. Alma Bristol called on him the day he was dismissed, and said,

"I have brought you a bus ticket and made arrangements for you to stay at Gila Bend until you feel like getting around; then come and see us and we will try to find you some kind of a job."

There was further evidence as to the condition of the saw on which plaintiff was hurt, from which we think the jury might fairly assume that his employer was negligent in its setup and construction, and that it was known to the latter to be a dangerous instrumentality.

In view of the foregoing testimony of plaintiff, which showed clearly that his direct employment was by McCallister, in order to hold the Bristols liable it was necessary to establish in some manner that they were responsible for the acts of McCallister, so it was alleged by plaintiff in his complaint that McCallister was only the foreman for defendant L. J. Bristol in the operation of the saw. This, if true, as a matter of law would make Bristol the ultimate employer of plaintiff. To prove this, plaintiff put in evidence a stipulation by defendants' attorneys that defendant Bristol actually paid the hospital and medical bills of plaintiff while he was in the hospital, and the testimony of two witnesses that Alma Bristol made the following statements in their presence:

"A. She wanted Ed, when he got better, to come down to their place and she made arrangements for his meals, and she would give him lighter work. . . .

"A. Mrs. Bristol stated to the effect that this boy, from what I understood, worked for them. She said Mr. Moser worked for them, and they were taking care of his bills to Mrs. Russell."

This is all the evidence which was offered and admitted tending to show the relationship of employer

and employee existing in any manner between defendant Bristol or his wife and plaintiff.

Both Bristol and McCallister testified to facts, which if true, made the relationship existing between them that of independent contractor, instead of employer and employee, and that the payments made by Bristol for medical expense and hospital bills were made at the request of McCallister and charged against him on his contract with Bristol. The testimony regarding the payments was not attacked in any manner. Alma Bristol denied she had ever stated that plaintiff had been employed by her and/or her husband. Is this evidence sufficient to show that the relation of principal and agent existed between Bristol and McCallister in regard to the employment of plaintiff at the time he was injured?

We have discussed a number of times just what evidence is necessary to establish the relation of principal and agent, and have summed up the matter in the case of *Litchfield* v. *Green,* 43 Ariz. 509, 33 Pac. (2d) 290, 292, in the following language:

"An agency may be proved to exist in four ways: First, by direct evidence of an express contract of agency between the principal and the agent. . . .

"Second, by proof of facts which raise the implication of such a contract. In regard to this we have said in *Little* v. *Brown,* 40 Ariz. 206, 11 Pac. (2d) 610, 613:

" ' . . . Agency does not have to be proved by direct testimony. It is susceptible of proof as is any other fact and may be established from the circumstances, such as the relation of the parties to each other and to the subject-matter, their acts and conduct. . . . '

"But this statement is qualified by the statement in *Brutinel* v. *Nygren, supra,* [17 Ariz. 491, 154 Pac. 1042, L. R. A. 1918F, 713], that it is the acts and conduct of the *principal,* and not of the *agent,* that must be relied upon to show the agency. . . .

"The third method of establishing agency is by ratification, . . .

"The fourth method is by estoppel, . . . "

There is no suggestion in the present case that there is evidence tending to show the existence of the relationship of principal and agent which falls into the first, third and fourth classes above set forth. But, it is urged, there is evidence of facts which raise an implication of such relation existing.

It will be seen upon examining the foregoing evidence that it consists of (a) the payment of doctor bills and hospital expenses by Bristol, and (b) various alleged admissions said to have been made by Alma Bristol, the wife of defendant Bristol, and herself one of the defendants in the case.

So far as payment of the hospital bills and expenses is concerned, we think that this of itself is not sufficient to prove the relation, in view of the undisputed testimony that the payment was made at the request of McCallister and charged against him in his dealings with Bristol. At the most it creates merely a suspicion of the existence of the relation, which was reasonably explained by defendants.

We come then to the admissions of Mrs. Bristol, and for the purpose of the case we must assume she did make the statements above set forth. Upon examining the complaint, it will be seen therefrom that there is no allegation that Alma Bristol had any part in the employment of plaintiff. The allegation is that she and L. J. Bristol were wife and husband, and that L. J. Bristol was his employer. This is not an allegation of a joint obligation of two parties to a third, and under these allegations no judgment could be rendered as against the wife which would bind her separate property. *Reid* v. *Topper,* 32 Ariz. 381, 259 Pac. 397. She was not even a necessary party

to the suit for it was one to enforce an obligation contracted by the husband in the interest of the community and enforceable against the community assets. *First Nat. Bank of Mesa* v. *Reeves,* 27 Ariz. 508, 234 Pac. 556. Under what theory then can the admissions of Alma Bristol be offered to prove that L. J. Bristol was the employer of plaintiff?

■ It is true that the admissions of one defendant may be offered in evidence as against a codefendant whose interest in the transaction is the same, but when the interest or liability of the co-parties is several, the admissions of one are not competent against the others. 22 C. J. 349, and cases cited.

▪ ■ We think that when the only interest of a wife in an action is that a judgment may be levied against the community property on account of the acts of the husband as agent for the community, her admissions are not evidence against the husband. She has no power to bind the community by contract. Section 2174, Rev. Code 1928. She could not by her own authority have employed plaintiff to work for the community, for during coverture the husband is the exclusive agent and representative of the community. *LaTourette* v. *LaTourette,* 15 Ariz. 200, 137 Pac. 426, Ann. Cas. 1915B 70. It is only in case the husband has authorized her to act as his sub-agent that she could have bound it. It is true that if he had constituted her his sub-agent for the purpose of dealing with plaintiff on behalf of the community, her admissions would have, to the extent of her authority, been binding. But the agency must first be shown, and the declarations of an alleged agent as to the nature and extent of the agency are not admissible as against the principal. *Litchfield* v. *Green, supra.* Such being the case, the admissions of Alma Bristol were not evidence against her, for on the pleadings no judgment could

be rendered against her, nor were they evidence against her husband, for there is nothing to show that she was authorized to act as his agent, or the agent of the community, in making them. There is insufficient evidence to show that L. J. Bristol was ever the employer of plaintiff, and the judgment against him and Alma Bristol cannot stand.

The judgment is reversed and the case remanded for a new trial in accordance with the rules set forth herein.

ROSS, C. J., and McALISTER, J., concur.