599 P.2d 796

**Larry ENG, dba Save Mart, and Jerfee Ann Eng, Appellants,**

v.

**Alphonse J. STEIN, dba New Way Builders Construction Co., Carl Williams, dba Carl Williams Plumbing Co., and Dan Stoll, dba Stoll Electric Co., Appellees.**

No. 13930.

Supreme Court of Arizona,
In Banc.

July 31, 1979.

Rehearing Denied Sept. 18, 1979.

Hughes & Hughes by John C. Hughes, Phoenix, for appellants.

Galusha & Hay by Lee Galusha, Phoenix, for appellees.

HOLOHAN, Justice.

This is an appeal from an award of damages for breach of contract and foreclosure of a materialmen's lien against the property of the appellants. We took jurisdiction pursuant to 17A A.R.S. Rules of Civil Appellate Proc., rule 19(e).

Appellant Larry Eng and his wife own and operate a grocery store in Buckeye, Arizona. In 1973 they entered into a contract with New Way Builders Construction Company to enlarge and remodel their store. During the course of construction a variety of problems arose, and appellants requested a number of changes in plans as the work progressed. A dispute ultimately arose between the store owners and the construction company over the quality of the work and the amount of money owed. Appellee construction company and two subcontractors ultimately filed materialmen's liens against the store property, and then brought an action seeking damages and foreclosure of the liens. After a lengthy trial, the Superior Court of Maricopa County awarded damages of over $36,000 subject to a setoff of about $4,000 for damage done to appellants' store. The court also awarded attorney's fees to appellees, and ordered foreclosure of the liens against appellants' property.

On appeal appellants raise seven issues. We will address them in the order in which they were presented.

1) Can judgment be entered against a wife who has neither been served nor appeared in an action?

When appellees first filed this action, they named only Larry Eng as defendant. Mrs. Eng was never named, nor was she served. Nevertheless, at the close of the trial the court rendered judgment against both Mr. and Mrs. Eng. We agree with appellants that this was error.

The contract which forms the basis of this action is presumably a community obligation. *Donato v. Fishburn,* 90 Ariz. 210, 367 P.2d 245 (1961); *Garrett v. Shannon,* 13 Ariz.App. 332, 476 P.2d 538 (1970). A.R.S. § 25–215 requires that a cause of action based upon such a community obligation be brought against both the husband and wife.

The appellees argue that this contract was entered into prior to the effective date of A.R.S. § 25–215. This fact is not controlling, however. The statute refers to a *cause of action* being brought against both husband and wife. The cause of action in this case did not arise when the contract was formed but only after the contract had been breached. *Jahnke v. Palomar Financial Corp.,* 22 Ariz.App. 369, 527 P.2d 771 (1974); *see Norton v. Steinfeld,* 36 Ariz. 536, 288 P. 3 (1930). *See also Circle K Corp. v. Rosenthal,* 118 Ariz. 63, 574 P.2d 856 (App.1978), footnote 4. When the breach of contract occurred the statute was in effect.

Prior to the enactment of A.R.S. § 25–215, the rule regarding the necessity of joining a wife as a party-defendant in an action to enforce a community obligation was based on the notion that a wife had no power to bind the community by contract. *See Bristol v. Moser,* 55 Ariz. 185, 99 P.2d 706 (1940). But even the law in effect at that time recognized that a wife's separate property was not liable for debts and obligations of the husband. A.R.S. § 25–214(B), repealed by Laws 1973, ch. 172 § 63 effective August 8, 1973. Nevertheless, the

trial court entered judgment against appellant's wife, who was never named as a party to the action nor served with process. "That an in personam judgment may not be rendered against one who has never been a party to the litigation would seem so obvious that citation of authority should be unnecessary." *King v. Uhlmann,* 103 Ariz. 136, 156, 437 P.2d 928, 948 (1968) (Struckmeyer, J., dissenting).

■ The trial court's judgment is void insofar as it attempts to bind Mrs. Eng or the Eng community.

Appellants do not ask that the judgment against Mr. Eng be set aside. On the contrary, appellants' reply brief asserts that the record presents no evidence to indicate that the contract involved was a community obligation. For purposes of this case, therefore, we hold that the judgment of the trial court is a valid and enforceable judgment against Mr. Eng separately, and that appellees may reach Mr. Eng's separate property to enforce the judgment.

2) Can a judgment be entered foreclosing a materialmen's lien on community real property without both spouses being named and joined as defendants?

■ The owner of the property against which a materialmen's or mechanics' lien is foreclosed must be named as a party-defendant. *Ballard v. Lawyers Title of Arizona,* 27 Ariz.App. 168, 552 P.2d 455 (1976). While the parties appear to agree that both Mr. and Mrs. Eng held title to the property, the record does not indicate whether the property was held jointly or as community property.

The question whether foreclosure of a lien against community property requires the joinder of both husband and wife is not governed by A.R.S. § 25–215, and has not been ruled upon by this court.

In the state of Washington, foreclosure of a mechanics' lien on community property requires the joinder of both husband and wife. *Northwest Bridge Co. v. Tacoma Shipbuilding Co.,* 36 Wash. 333, 78 P. 996 (1904). California on the other hand took the view that the husband adequately rep-

resents the rights of the community in an action involving community property, and thus the joinder of the wife as a party is not necessary. *Cutting v. Bryan,* 206 Cal. 254, 274 P. 326 (1929). The concurring opinion in *Cutting* points out that this decision is based in part upon the fact that exclusive management, control and disposition of community property was vested in the husband in California at that time. Arizona's rejection of this concept justifies the rejection of the California cases as precedent. We hold that an action to foreclose a lien against community property requires the joinder of both husband and wife.

■ The appellee argues that the property was actually held by the appellants as joint tenants. Unfortunately for appellee the record does not support this position. There was never any evidence presented in the trial which indicated how title to the property was held. Such evidence cannot be supplied on appeal.

■ The presumption is that jointly held property by husband and wife is community property. *King v. Uhlmann,* 103 Ariz. 136, 437 P.2d 928 (1968); *Noble v. Noble,* 26 Ariz.App. 89, 546 P.2d 358 (1976). The burden of proof is upon the party seeking to establish that the jointly held property is in fact separate. *In re Haber's Estate,* 104 Ariz. 79, 449 P.2d 7 (1969).

■ Since the record does not indicate the nature of the property in question, it is presumed to be community property. Since the wife was not joined in the foreclosure action, it was error for the trial court to order the foreclosure.

3) Does testimony as to changes and extras in a construction contract which had not been reduced to writing as required by the contract violate the parol evidence rule?

■ Appellants objected at several points during the trial to the court's admission of evidence regarding a number of oral modifications of the original written contract. Appellant contends that the parol evidence rule prohibits evidence of oral modification of a contract when the original writing was intended to express the complete agreement of the parties. This misconstrues the mean-

ing of the parol evidence rule. While the rule does apply to oral statements or agreements made prior to or contemporaneous with the execution of the contract, it does not prevent parties from subsequently making another and different agreement or from orally modifying the original written contract. *Sitkin v. Smith,* 35 Ariz. 226, 276 P. 521 (1929); *In re Estate of MacDonald,* 4 Ariz.App. 94, 417 P.2d 728 (1966).

4) Was there an account stated between the parties?

Appellants next contend that the trial court erred in awarding damages in excess of the amount agreed upon in an accounting between the parties on April 11, 1974. Appellants characterize this as an "account stated."

■ An account stated is an agreed balance between parties to a settlement. *Holt v. Western Farm Services, Inc.,* 110 Ariz. 276, 517 P.2d 1272 (1974). In this case the parties agreed upon the amount stated for items listed in a written statement. What remains in dispute is whether they agreed at the time that this statement constituted a final accounting of all sums due, or merely an account of those items specifically listed. The record indicates that the list of items was originally drafted by Mr. Eng, the store owner. Mr. Marston, who signed the accounting on behalf of the appellees, testified that he returned the list to Mr. Eng with the proper charges stated, and that they agreed to these charges. He did not consider it a final accounting of all of the work done, but only those items which Mr. Eng had listed. Thus a question arose regarding the intent of the parties, a question for the trier of fact to resolve. The trial court had evidence to support its conclusion that the accounting in question did not constitute a final account stated.

5) Did the court err in failing to apportion the delay requested by the plaintiff as against that allegedly caused by the defendant?

The delays occasioned in the construction project were the result of changes made by the defendant in the work to be done. The trial court did not find that any delays were caused by the plaintiff contractors. The evidence supports the conclusion of the trial court.

6) Did the court err in granting a motion to amend the complaint in the course of trial?

Over objection by the defendant, the plaintiffs were allowed to offer evidence of extra charges totaling $15,297.00. The original complaint had sought to recover $18,165.00. The trial court allowed the plaintiffs to amend the complaint to include the additional amount above that of the original claim.

■ The defendant asserts that the action of the trial court in allowing the amendment was an abuse of discretion. From our review of the record we disagree with defendant's conclusion.

■ The amendment of pleadings to conform to the evidence is to permit the case to be tried ultimately on the merits in one trial with all parties having a resolution of their disputes without a multiplicity of suits. *Continental National Bank v. Evans,* 107 Ariz. 378, 489 P.2d 15 (1971). Such trial amendments should be permitted when neither party is surprised nor prejudiced by the allowance of the amendment. *Continental National Bank v. Evans, supra.*

In the case at issue the amount of the additional claims had been raised in pretrial discovery, and the defendant cannot be said to be surprised nor prejudiced by the allowance of the amendment to reflect the additional amount.

7) Did the court err in disregarding the provisions of the written contract that before any sums were due the lender bank had to give its approval?

■ The defendant maintains that the plaintiff general contractor did not comply with the contract by submitting evidence of the payment of workers, material bills, etc., to the bank.

The record supports the position of the trial court that the provision of the contract on this issue was never enforced from almost the beginning of the work. The parties ignored it. The true position of the defendant was based on his refusal to pay for the work done because of his dissatisfac-

tion with it. The failure to submit paid bills to the bank would not have changed the position of the defendant in any event.

The case is remanded to the superior court for further proceedings consistent with this opinion.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.