137 Ariz. 527 (1983)
672 P.2d 193
Edmund A. VIKSE; Edna M. Vikse and Sigurd A. Miland, Plaintiffs/Appellants,
v.
Lowell F. JOHNSON; Thunderbird Valley, Inc., an Arizona corporation; Joe S. Agers; and W. Shelley Richey, Defendants/Appellees.
No. 2 CA-CIV 4707.
Court of Appeals of Arizona, Division 2.
June 17, 1983.
Rehearing Denied September 30, 1983.
Review Denied November 18, 1983.
Whitehill, Berger, Karp & West, P.C. by Gerald T. Barton, Tucson, for plaintiffs/appellants.
*528 Stompoly & Even by William G. Walker and James L. Stroud, Tucson, for defendants/appellees.
OPINION
BIRDSALL, Judge.
The appellants, Edmund A. Vikse and Edna M. Vikse, husband and wife, and Sigurd A. Miland, obtained a judgment against the appellees Joe S. Agers and W. Shelley Richey and others in the state court in Minnesota. The judgment was affirmed by the Minnesota Supreme Court and is reported as Vikse v. Flaby, 316 N.W.2d 276 (1982). The basis of the judgment was land fraud and jurisdiction was obtained via the Minnesota long arm statute, since the appellees were and are residents of Arizona. The Miland judgment was for $41,530.96. Vikses' was in the amount of $29,071.67. Both were principal amounts only.
In February, 1981, the appellants, pursuant to A.R.S. § 12-1702,[1] filed the Minnesota judgment in Pima County and gave notice to the appellees. Attempted enforcement of the judgment in Arizona was delayed until June 1982. At that time the appellants caused the Sheriff of Cochise County to levy on certain real properties in that county. One parcel levied upon was owned by the community of the appellee Agers and his wife, Jacqueline and the other by the community of the appellee Richey and his wife, Adele.
The appellees each filed motions to quash the levy on the property owned by the community of himself and spouse on the grounds that the judgment and writ of general execution were against him individually, and the community property was not subject thereto. The trial court granted each motion to quash. The order from which this appeal is taken recites, "it appearing that the levy is on community property in an action to collect a separate debt."
The appellants contend the trial court erred because:
1) Where a separate judgment against a spouse has been entered in Minnesota arising from a tort committed there for the benefit of the community, A.R.S. § 25-215(C) authorizes recovery of the judgment from community property since the judgment would have been a community debt if it had been incurred in Arizona.
2) In a proceeding under the Uniform Enforcement of Foreign Judgments Act, joinder of both spouses as defendants is not required by A.R.S. § 25-215(D) in order to establish liability of community property, where both spouses have been virtually represented, where a non-contract debt is at issue, and where extra-territorial application of the statute is prohibited and would contravene the law of the foreign forum.
3) In accordance with the law of all other community property jurisdictions, a tortfeasor spouse's interest in community property should be available to satisfy separate judgments against the tortfeasor spouse, particularly where the tortfeasor lacks sufficient separate property to satisfy the judgment and the victim will not be otherwise compensated.
We affirm.
Neither marital community nor the spouse of either appellee was ever named or served in either Minnesota or Arizona. Neither spouse has appeared and, until urging the motion to quash, neither community was represented. Even assuming arguendo that the appellants are correct, that the fraud committed by the husbands in Minnesota would have created a community obligation if done in Arizona, A.R.S. § 25-215(C),[2] there was no compliance with the *529 requirements of A.R.S. § 25-215(D). The latter statute provides:
"Except as prohibited in § 25-214, either spouse may contract debts and otherwise act for the benefit of the community. In an action on such a debt or obligation the spouses shall be sued jointly and the debt or obligation shall be satisfied: first, from the community property, and second, from the separate property of the spouse contracting the debt or obligation."
The exceptions are not applicable here. The obvious purpose of joining the spouses is to give each notice and an opportunity to defend. This was one of several amendments adopted by the Arizona legislature in 1973 revising Arizona community property law. Generally, the revisions in the community property laws were brought about because of a recognized need to codify the wife's rights to manage and deal with the community property equally with the husband.
Our Supreme Court decided in Eng v. Stein, 123 Ariz. 343, 599 P.2d 796 (1979) that a judgment entered against a wife who had neither been served nor named, and had not appeared, was void insofar as it attempted to bind her or the community. We reach the same result in the instant case.
The reason for the statutory provision making the community liable for community obligations incurred outside the state is to protect the rights of those creditors regardless of the fact that the obligation was not incurred in Arizona. In order to have the advantage of this provision, however, the creditor must join both spouses and thereby have personal jurisdiction over the community.
The appellants cite cases decided prior to the 1973 amendments which permit a recovery against the community even though the husband was the only defendant named. See McFadden v. Watson, 51 Ariz. 110, 74 P.2d 1181 (1938) and De Pinto v. Provident Security Life Ins. Co., 374 F.2d 50 (9th Cir.1967), cert. denied, 389 U.S. 822, 88 S.Ct. 52, 19 L.Ed.2d 74 (1967). Reliance on those cases is misplaced since the clear language of the statute requires that both spouses be joined. Likewise the case of Bainum v. Roundy, 21 Ariz. App. 534, 521 P.2d 633 (1974), cited by the appellants, is inapposite since both husband and wife were joined as defendants, and the judgment was against both, thus binding their community.
We agree with the appellees that the import of A.R.S. § 12-1702 is to enforce the foreign Minnesota judgment on the same basis as an Arizona judgment. See Phares v. Nutter, 125 Ariz. 291, 609 P.2d 561 (1980); Springfield Credit Union v. Johnson, 123 Ariz. 319, 599 P.2d 772 (1979). We also agree that since the levies are on real property in Arizona the trial court had to apply the law of Arizona to determine whether the property was subject to execution levy to satisfy the judgment. See Clark v. Williard, 294 U.S. 211, 55 S.Ct. 356, 79 L.Ed. 865 (1935) holding that every state has jurisdiction to determine for itself liability of property within its territorial limits to seizure and sale under powers of its courts.
Due process requires that a party be given notice of an adverse claim and an opportunity to defend. Sparks v. Republic National Life Insurance Co., 132 Ariz. 529, 647 P.2d 1127 (1982), cert. denied, ___ U.S. ___, 103 S.Ct. 490, 74 L.Ed.2d 632 (1982). Neither spouse was given notice here, much less an opportunity to defend.
The appellants next argue that joinder of both spouses should not be required because:
1) Both spouses have been "virtually represented";
2) A non-contract debt is at issue, and
3) Application of the joinder requirement would contravene the law of Minnesota.
They point out that in Minnesota it is not necessary to join a spouse in an action against the other spouse, citing Kisch v. Skow, 305 Minn. 328, 233 N.W.2d 732 (1975). Conceding this point, the same can be said for Arizona law, providing a plaintiff does *530 not desire a judgment enforceable against the community.
Citing the Restatement (Second) of Judgments, Sec. 41 (1982), the appellants argue that the doctrine of virtual representation precludes any claim that failure to join the wives insulates the communities from liability. We disagree. This doctrine has no application in Arizona because of the statute, A.R.S. § 25-215(D) which requires joinder.
A.R.S. § 25-215(D) requiring joinder is not limited to contract actions as argued by the appellants. Likewise, we do not agree that requiring the joinder of a spouse in order to bind the community violates the full faith and credit clause, U.S. Const. art. IV, Sec. 1. All that needed to be done here, assuming community liability, was to join both spouses in the Minnesota lawsuit.
Finally we consider the last contention, that the community property interest of a tortfeasor spouse should be available to pay the separate obligation of that spouse. In approaching this argument here we must bear in mind that for this discussion the judgment is assumed to be a separate obligation. The answer to this argument is found in a long line of well established judicial authority. Shaw v. Greer, 67 Ariz. 223, 194 P.2d 430 (1948); Payne v. Williams, 47 Ariz. 396, 56 P.2d 186 (1936); and see recently Schilling v. Embree, 118 Ariz. 236, 575 P.2d 1262 (App. 1977).
The statutes of the several community property states are discussed in W. DeFuniak, Principles of Community Property, Sec. 162 (2nd Ed. 1971), where referring to the community property and citing Maricopa County v. Douglas, 69 Ariz. 35, 208 P.2d 646 (1949); Tway v. Payne, 55 Ariz. 343, 101 P.2d 455 (1940); Forsythe v. Paschal, 34 Ariz. 380, 271 P. 865 (1928) and Cosper v. The Valley Bank, 28 Ariz. 373, 237 P. 175 (1925), as well as several Washington opinions, it is said:
"Some courts, pursuant to governing principles, have refused to allow it to be touched at all by creditors on the individual or separate obligation of a spouse contracted during marriage, at least during the subsistence of the marriage. To any argument that the half share of the community property belonging to the spouse contracting the separate debt should be liable for that debt, on the ground that such half share constitutes property of the spouse just as much as does the spouse's separate property, it may be pointed out that the exact amount of that share is not definitely ascertainable until the payment of community debts and the partition of the residue of the community property after such payment, upon dissolution of the conjugal partnership. Moreover, those courts which have not permitted the community property, or even the debtor's half share thereof, to be reached during marriage, have reasoned that the welfare of the family requires that the common property should be left intact for the support and maintenance of the family and that it should not be subject, during marriage, to inroads for obligations not incurred for the benefit of the family."
In one reported Arizona decision the supreme court did hold that where the property of an honorably discharged soldier was exempted from taxation by constitutional provision, and this exemption included his half of the community property, but not the wife's half, her share was assessable for taxes and could be separated and sold under tax lien upon her failure to pay such taxes. Oglesby v. Poage, 45 Ariz. 23, 40 P.2d 90 (1935). And see Gardner v. Gardner, 95 Ariz. 202, 388 P.2d 417 (1964).
The appellants quote at length from deElche v. Jacobsen, 95 Wash.2d 236, 622 P.2d 835 (1980) wherein the facts showed the victim was raped by the husband. The Washington Supreme Court interpreted the Washington statute which is similar to our A.R.S. § 25-215, as permitting the tort judgment creditor, the rape victim, to reach the wrongdoer's one-half interest in the community property. The appellants urge that Arizona should follow this lead in order to protect the innocent victim. Even if this court were free to do this, this is certainly not the right case. The appellants have not *531 even attempted to follow recognized procedures and thereby secure a judgment against the community. Nor are we persuaded by the final argument regarding the paucity of separate property available to satisfy the judgments, and that the victims will not be otherwise compensated.
Affirmed.
HOWARD, C.J., and HATHAWAY, J., concur.
NOTES
[1] "A copy of any foreign judgment authenticated in accordance with the act of congress or the statutes of this state may be filed in the office of the clerk of any superior court of this state. The clerk shall treat the foreign judgment in the same manner as a judgment of the superior court of this state. A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a superior court of this state and may be enforced or satisfied in like manner."
[2] "The community property is liable for a spouse's debts incurred outside of this state during the marriage which would have been community debts if incurred in this state."