Darwin "Don" COOPER, a single man, Plaintiff–Appellant,

v.

FAVOUR, WEAVER, MOORE, WILHELMSEN & SCHUYLER, P.A., aka Favour, Moore, Wilhelmsen, P.A.; John M. Favour, husband; Betty Favour, wife, aka Jane Doe Favour; Mark M. Moore, husband; Melissa Moore, wife; John B. Schuyler, husband; Deanna Schuyler, wife, aka Jane Doe Schuyler, Defendants–Appellees.

No. 99–17403.

D.C. No. CV–95–02583–RCB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 13, 2001.

Decided July 17, 2001.

---

MEMORANDUM **

## I.

This appeal arises from the district court's dismissal of a legal malpractice claim brought by Darwin "Don" Cooper ("Cooper") against the law firm of Favour, Weaver, Moore, Wilhelmsen & Schuyler, P.A. ("Favour"), several of the firm's lawyers, and their spouses. Cooper argues that Favour committed malpractice by failing to join a defendant, Mrs. Wood, in the underlying state court case. Because the statute of limitations has expired on the claim against her, Cooper contends that Mrs. Wood cannot be joined as a defendant with her husband, who also is a defendant, in any future litigation. Under Arizona law, community assets may not be subjected to execution or garnishment to satisfy judgment unless both spouses have been joined as defendants and made parties to the judgment. *See Vikse v. Johnson*, 137 Ariz. 528, 672 P.2d 193, 195 (Ariz. Ct.App.1983). The parties dispute whether Mr. Wood owns separate property from which Cooper could collect.

The district court concluded that under Arizona law, Cooper's complaint was premature because the underlying state court case had not been fully and finally litigated. The district court also disagreed that Cooper's damages due to the alleged malpractice were irremediable.

Cooper contends that where the statute of limitations has run against the underlying defendants, damages are fixed and the legal malpractice claim may be brought without pursuing the time-barred claim. According to Cooper, this rule should apply whether the alleged malpractice occurred within or outside the context of

Before SCHROEDER, Chief Judge, LAY * and DAVID R. THOMPSON, Circuit Judges.

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

litigation. On the other side, Favour argues that where legal malpractice arises in the context of litigation, the underlying case must be fully and finally litigated and all appeals exhausted before a claim for legal malpractice accrues.

## II.

This court reviews the district court's adjudication of a motion for summary judgment *de novo*. *See Margolis v. Ryan,* 140 F.3d 850, 852 (9th Cir.1998). The question is "whether the district court correctly applied the law and if, viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact." *Id.*

■■■■ Under Arizona law, a legal malpractice claim that arises in the course of litigation accrues when two elements are met. First, the plaintiff must know or should reasonably have known of the legal malpractice. *Amfac Distrib. Corp. v. Miller,* 138 Ariz. 155, 673 P.2d 795, 796 (Ariz.Ct.App.1983) (*"Amfac I"*). Second, the plaintiff's damages must be "certain and not contingent upon the outcome of an appeal." *Id; see also Taylor v. State Farm Mut. Auto. Ins. Co.,* 185 Ariz. 174, 913 P.2d 1092, 1096–97 (Ariz.1996) (restating that "because the plaintiff's injury is uncertain until the appellate process concludes, by resolution of or failure to appeal, the malpractice action does not accrue until such time as the judgment in the underlying action becomes final."); *Amfac Distrib. Corp. v. Miller,* 138 Ariz. 152, 673 P.2d 792 (Ariz.1983) (*"Amfac II"*) (approving the rule set forth in *Amfac I*); *Commercial Union Ins. Co. v. Lewis and Roca,* 183 Ariz. 250, 902 P.2d 1354, 1359 (Ariz.Ct.App.1995) ("[I]n the context of litigation, attorney negligence is not actionable until the case in which the malpractice arose is finally resolved."). A case is no longer contingent upon the outcome of an appeal when the time for filing such appeal has passed or when the appellate court issues a mandate. *See Joel Erik Thompson, LTD. v. Holder,* 192 Ariz. 348, 965 P.2d 82, 85 (Ariz.Ct.App.1995) (clarifying that a judgment becomes final when the appellate court decides the appeal and when the time to appeal to the state supreme court has expired).

■■■■ When applied to the facts of this case, the Arizona accrual rule precludes Cooper from bringing his attorney malpractice claim at this time. The district court provided a well-reasoned discussion of why this is the correct result. First, the record contains no evidence that the Arizona Court of Appeals has issued a mandate or that the appeals period has expired. Second, if Cooper were to obtain a final judgment against Mr. Wood, there is a possibility that the judgment may be satisfied. Favour maintains that Mr. Wood does in fact own separate property from which Cooper could collect. If not, other defendants may be able to satisfy the judgment. All of this goes to show that at this point, Cooper's damages are not irremediable and the underlying litigation is not fully resolved. For this reason, Cooper's legal malpractice claim against Favour has not yet accrued.

The order of summary judgment entered by the district court is AFFIRMED.