IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

**KRISTI LATTIN,**
*Plaintiff/Appellee,*

*v.*

**SHAMROCK MATERIALS, LLC, ET AL.,**
*Defendants/Appellants.*

No. CV-21-0031-PR
Filed February 3, 2022

Appeal from the Superior Court in Maricopa County
The Honorable Lindsay P. Abramson, Judge *Pro Tempore*
No.   CV2017-011398
**REVERSED AND REMANDED**

Memorandum Decision of the Court of Appeals,
Division One
1 CA-CV 20-0245
Filed January 7, 2021
**REVERSED**

COUNSEL:

Michael L. Kitchen, Patrick J. Van Zanen (argued), Sacks Tierney P.A., Scottsdale, Attorneys for Shamrock Materials, LLC, et al.

Teresa H. Foster (argued), Brier, Irish & Hubbard, P.L.C., Phoenix, Attorneys for Kristi Lattin

VICE CHIEF JUSTICE TIMMER authored the opinion of the Court, in which JUSTICES BOLICK, LOPEZ, BEENE, MONTGOMERY, KING, and PELANDER (RETIRED) joined.[*]

VICE CHIEF JUSTICE TIMMER, opinion of the Court:

¶1 Kristi Lattin did not prevail in this action, which she filed as "a married woman dealing with her own separate property" against Shamrock Materials, LLC, an LLC member, and the member's husband (collectively, "Shamrock"). The trial court entered judgment for Shamrock and awarded it attorney fees and costs as the prevailing party. Shamrock then sought to garnish a bank account jointly owned by Lattin and her husband, Robert DeRuiter, who was not a party to the lawsuit. Pursuant to A.R.S. § 25-215(D), spouses must be sued jointly in any "action on [a community] debt or obligation." The issue here is whether § 25-215(D) required Shamrock to join DeRuiter in the case to execute its judgment for attorney fees and costs against community assets. We hold that § 25-215(D) did not require joinder, and the trial court therefore erred by quashing the writ of garnishment on that basis.

## BACKGROUND

¶2 Shamrock procures and resells concrete and construction materials. In 2006, Shamrock, its members, and Lattin entered into a Profit Participation Agreement ("Agreement"), which granted Lattin a share of Shamrock's profits and the option of becoming a member. The Agreement states that Lattin contracted as "a married woman dealing with her sole and separate property." It also provides that if any party "commence[s] any legal proceedings for the enforcement of [the] Agreement, the prevailing [p]arty shall be entitled" to all costs and reasonable attorney fees.

¶3 In 2017, Lattin sued Shamrock for breach of contract and related claims. Shamrock answered and requested an award of attorney fees and costs pursuant to the Agreement and any applicable statute against

---

[*] Chief Justice Brutinel is recused from this matter. Pursuant to article 6, section 3 of the Arizona Constitution, Justice John Pelander (Ret.) of the Arizona Supreme Court was designated to sit in this matter.

Lattin and DeRuiter "based upon Mr. DeRuiter soon being named a necessary party." Despite this assertion, Shamrock never joined DeRuiter in the case.

**¶4**        Shamrock prevailed, and the court awarded it more than $130,000 in attorney fees and costs against Lattin pursuant to the Agreement. Shamrock executed the judgment by serving a writ of garnishment on Wells Fargo Bank to pay Shamrock the funds held in Lattin and DeRuiter's joint bank account. Lattin moved the trial court to enjoin the garnishment proceedings, arguing that Shamrock could not garnish community funds to satisfy her sole and separate debt. The court did not decide whether the judgment was a separate or community debt or obligation but quashed the garnishment because the judgment was not entered against DeRuiter.

**¶5**        The court of appeals affirmed. *Lattin v. Shamrock Materials LLC*, No. 1 CA-CV 20-0245, 2021 WL 58137, at *1 ¶ 1 (Ariz. App. Jan. 7, 2021) (mem. decision). It reasoned that even assuming the judgment's fee and cost award was a community debt or obligation, Shamrock was foreclosed from garnishing the bank account because it had not joined DeRuiter in the lawsuit as required by § 25-215(D). *See id.* at *2 ¶¶ 15–16.

**¶6**        We granted review to decide whether a defendant seeking an award of attorney fees and costs in a lawsuit filed by a married plaintiff must join the plaintiff's spouse to later execute a judgment for fees and costs against the plaintiff's community assets, a recurring issue of statewide importance.

## DISCUSSION & ANALYSIS

**¶7**        Section 25-215(D) provides:

> Except as prohibited in § 25-214, either spouse may contract debts and otherwise act for the benefit of the community. *In an action on such a debt or obligation the spouses shall be sued jointly* and the debt or obligation shall be satisfied: first, from the community property, and second, from the separate property of the spouse contracting the debt or obligation.

(Emphasis added.) Joining spouses in an action on a community debt or obligation gives each spouse "notice and an opportunity to defend." *Vikse v. Johnson*, 137 Ariz. 528, 530 (App. 1983); *see also Eng v. Stein*, 123 Ariz. 343,

3

345–46 (1979) (applying § 25-215(D) and holding that a judgment could not bind a wife or the couple's community because the plaintiff sued only the husband on a community obligation).

¶8        Shamrock asserts that the above-highlighted language in § 25-215(D) requires a party to join a spouse only when suing the other spouse on a community debt or obligation.    Because Shamrock did not sue Lattin for an award of attorney fees and costs, Shamrock argues § 25-215(D) is inapplicable.    Lattin counters § 25-215(D) requires the non-party spouse's joinder before judgment to enable the judgment creditor to execute against community assets, and Shamrock's failure to join DeRuiter in the lawsuit therefore forecloses its ability to garnish the Wells Fargo Bank account.

¶9        We review the meaning of § 25-215(D) de novo.    *See Nicaise v. Sundaram*, 245 Ariz. 566, 567 ¶ 6 (2019).    We effectuate any clear and unambiguous text without resort to secondary interpretive principles.    *See BSI Holdings, LLC v. Ariz. Dep't of Transp.*, 244 Ariz. 17, 19 ¶ 9 (2018); *State v. Burbey*, 243 Ariz. 145, 147 ¶ 7 (2017).    In determining whether a statute is ambiguous, we read words in context to determine their meaning. *Stambaugh v. Killian*, 242 Ariz. 508, 509 ¶ 7 (2017).

¶10        What constitutes an "action on [a community] debt or obligation" under § 25-215(D)?    Unless the context provides otherwise, an "action" includes "any matter or proceeding in a court, civil or criminal." A.R.S. § 1-215(1).    Because the "action" in § 25-215(D) is "on [a community] debt or obligation" and requires the spouses to be "sued jointly" for the complainant to recover damages from community assets, the phrase plainly means a cause of action based on a community debt or obligation that can result in a damage award.    *See Eng*, 123 Ariz. at 345 ("The statute refers to a [c]ause of action being brought against both husband and wife.").    Thus, a party seeking damages from community assets for an unpaid debt or breach of an obligation must join both spouses when asserting a cause of action, whether by complaint, counterclaim, crossclaim, or third-party complaint.    *See id.*; § 25-215(D).

¶11        Applying § 25-215(D)'s plain meaning, we agree with Shamrock that seeking an award of attorney fees for the successful defense of a complaint filed by a married plaintiff is not an "action on [a community] debt or obligation" under § 25-215(D).    First, until the trial court enters a judgment for attorney fees and costs for the defendant, there

is no debt or obligation to sue on.   *See Eng*, 123 Ariz. at 345 ("The cause of action in this case did not arise when the contract was formed but only after the contract had been breached.").   This scenario is thus distinguishable from the ones in *Eng* and other cases Lattin cites, where the plaintiffs sued only one spouse on an *existing* community debt or obligation and were thereby foreclosed by § 25-215(D) from executing their judgments against community assets.   *See id.*; *Vikse*, 137 Ariz. at 529–30; *C & J Travel, Inc. v. Shumway*, 161 Ariz. 33, 34 (App. 1989); *Spudnuts, Inc. v. Lane*, 139 Ariz. 35, 36 (App. 1984).

¶12            Second, a request for attorney fees and costs after successfully defending a lawsuit is not itself a cause of action.   A defendant is not required to sue a plaintiff to obtain a judgment for attorney fees and costs. *See* A.R.S. § 12-341 (imposing automatic award of costs to the successful party); Ariz. R. Civ. P. 54(g)(1) ("A claim for attorney's fees must be made in the pleadings or in a Rule 12 motion filed before the movant's responsive pleading.").   Logically, then, a defendant is not required to sue the plaintiff's spouse to recover fees and costs.   Relatedly, even if the defendant joins the plaintiff's spouse for the purpose of seeking attorney fees and costs, as Lattin asserts should occur, § 25-215 would not be satisfied because the couple would not have been "sued jointly."

¶13            Lattin asserted during oral argument here that Shamrock was also required to join DeRuiter in the lawsuit before entry of the judgment to avoid violating his due process rights.   We disagree.   If Lattin's lawsuit sought to enforce an obligation owed to the marital community, Lattin could separately bind the community to any judgment, making DeRuiter's joinder unnecessary.   *See* A.R.S. § 25-214(C) (stating that with exceptions not applicable here, "[e]ither spouse separately may acquire, manage, control or dispose of community property or bind the community").   Also, whether the judgment is Lattin's sole and separate debt or a community debt was not resolved by entry of that judgment and, indeed, has yet to be resolved.   That issue arose only after the debt was incurred by entry of the judgment, placing DeRuiter's community assets at risk for the first time.

¶14            DeRuiter must be given "the opportunity to be heard at a meaningful time and in a meaningful manner" before a court can deprive him of his interest in the Wells Fargo Bank account.   *See Nat'l Union Fire Ins. Co. of Pittsburgh v. Greene*, 195 Ariz. 105, 110 ¶ 20 (App. 1999); *see also Baker v. Univ. Physicians Healthcare*, 231 Ariz. 379, 388 ¶ 36 (2013) (describing due process as giving a party "a meaningful opportunity to be heard"); U.S.

Const. amends. V, XIV; Ariz. Const. art. 2, § 4. The time became "meaningful" when Shamrock garnished the Wells Fargo Bank account. *See Nat'l Union Fire Ins. Co.*, 195 Ariz. at 110 ¶ 20 (concluding that spouse who was not a party to a foreign judgment had a meaningful opportunity to contest that the judgment was a community debt after writs of garnishments were issued against a community bank account in Arizona). Wells Fargo Bank notified DeRuiter of the garnishment proceedings as a joint owner of the account, and he can now intervene in the garnishment proceedings to argue that the debt is Lattin's alone. *See id.* at 111 ¶ 23. Lattin, who has an equal interest in community assets and has already moved to quash the writ of garnishment because the judgment is her sole and separate debt, can renew her argument on remand. *See id.* at 110 ¶ 20.

¶15 In sum, neither § 25-215(D) nor due process requires a defendant seeking an award of attorney fees and costs from a married plaintiff to join the plaintiff's spouse in the lawsuit to entitle it to later execute a judgment against community assets. If the court enters a judgment for attorney fees and costs in favor of the defendant, the plaintiff's spouse may intervene in any subsequent attempt to execute the judgment against community assets to argue the judgment is the plaintiff's sole and separate obligation, and community assets cannot be used to satisfy the judgment.

¶16 For these reasons, the trial court incorrectly quashed the writ of garnishment based on Shamrock's failure to join DeRuiter in the lawsuit before entry of the judgment. On remand, the court should rule on Lattin's argument that the judgment is her sole and separate obligation. It should also permit DeRuiter to intervene in the proceedings to contest the judgment's character as a community obligation.

¶17 Lattin requests an award of attorney fees pursuant to the Agreement or A.R.S. § 12-341.01. Because she has not prevailed here, we deny her request. Shamrock requests an award of attorney fees in this Court pursuant to the Agreement, which requires a fee award for the party prevailing in "any legal proceedings for the enforcement of [the] Agreement." Because Shamrock has not yet prevailed in establishing its entitlement to garnish the Wells Fargo Bank account, we deny this request without prejudice to renewing it before the trial court at the conclusion of proceedings.

## CONCLUSION

¶18     For the forgoing reasons, we reverse the court of appeals' decision, reverse the trial court's order quashing the writ of garnishment, and remand to the trial court for further proceedings.