750 P.2d 1374

**O'CONNOR, CAVANAGH, ANDERSON, WESTOVER, KILLINGSWORTH & BESHEARS, P.A., Plaintiff/Appellant,**

**v.**

**BONUS UTAH, INC., a foreign corporation; J.R. Mastelotto and Jane Doe Mastelotto, husband and wife, Defendants/Appellees.**

**No. 2 CA–CV 88–0006.**

Court of Appeals of Arizona, Division 2, Department A.

Feb. 18, 1988.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P.A. by David L. Kurtz and Brian R. Dando, Phoenix, for plaintiff/appellant.

Richard A. Wilson, Phoenix, for defendants/appellees.

## OPINION

HATHAWAY, Judge.

This is an appeal from a judgment granting appellee Bonus Utah, Inc.'s (Bonus) motion to quash, and dismissal of appellant O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P.A.'s (O'Connor) action for breach of contract. The sole issue raised on appeal is whether Bonus, a Utah corporation also doing business in Nevada, has subjected itself to jurisdiction in Arizona pursuant to Ariz.R.Civ.P., 4(e)(2), 16 A.R.S.,[1] by contracting with appellant for legal services to be performed in Arizona. The trial court determined that Arizona lacks personal jurisdiction over Bonus. We disagree.

## FACTS

In September of 1985, J.R. Mastelotto, president of Bonus, spoke by telephone to Calvin Raup, a partner in the O'Connor law firm, concerning a pending matter in Maricopa County Superior Court, *Kerley v. Bonus Utah, Inc.*, Cause No. C–554258. After the telephone conversation, Raup sent Bonus a retainer letter outlining a fee arrangement stating that he would proceed as outlined unless advised to the contrary. The letter was never answered by Bonus.

O'Connor contends that it provided services to Bonus in the Kerley matter from September of 1985, "until at least March of 1986." On November 27, 1985, O'Connor received a letter from Bonus requesting that it file an answer on behalf of Bonus in the above-mentioned Kerley action. Bonus asserts that this was the only request it ever made of O'Connor to perform services in Arizona. Bonus has refused to pay any portion of O'Connor's bill for $1,738.43 in outstanding fees, arguing that Arizona lacks personal jurisdiction over it. These fees form the basis for O'Connor's breach of contract action. The trial court found that even though Bonus caused an event to occur within the State of Arizona out of which the suit for breach arose, "there has not been a showing of sufficient connection within this state so that it is fair to require the defendant to defend in this forum." Bonus' motion to quash O'Connor's complaint was granted by the trial court, resulting in dismissal without prejudice.

## LONG ARM JURISDICTION

■ To establish personal jurisdiction one must satisfy "traditional notions of fair play and substantial justice" embodied in

---

1. Rule 4(e)(2) reads, in part:
   When the defendant is a resident of this state, or is a corporation doing business in this state, or is a person, partnership, corporation or unincorporated association subject to suit in a common name which has caused an event to occur in this state out of which the claim which is the subject of the complaint arose, service may be made as herein provided, and when so made shall be of the same effect as personal service within the state.

the Due Process Clause of the Fourteenth Amendment. *International Shoe Company v. State of Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945). See also *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). The notion of "fair play and substantial justice" is a flexible one, requiring courts to look at the fact situation of each case to determine whether there are sufficient, purposeful "minimum contacts" with the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *Molybdenum Corp. of America v. Superior Court*, 17 Ariz.App. 354, 498 P.2d 166 (1972). When the existence of personal jurisdiction is appropriately challenged, the party asserting jurisdiction has the burden of establishing it. *Houghton v. Piper Aircraft Corp.*, 112 Ariz. 365, 542 P.2d 24 (1975). We believe O'Connor has satisfied that burden in the present case.

It is unimportant if O'Connor was hired to perform merely one task, that of filing an answer for Bonus. A single act is enough to establish a basis for jurisdiction. "[T]he quality of the contact outweighs the quantum." *Holmes Tuttle Broadway Ford, Inc. v. Concrete Pumping, Inc.*, 131 Ariz. 232, 235, 639 P.2d 1057, 1060 (App. 1981); see also *Burger King Corp. v. Rudzewicz*, supra; J. Friendenthal, M. Kane, A. Miller, Civil Procedure § 3.10 at 125 (1985). Bonus argues that employing O'Connor to file the answer was only an adjunct to negotiations it undertook for itself. Even if that is so, the fact remains that Bonus did indeed hire O'Connor and caused an event to occur through the filing of an answer on its behalf, by its agent in Arizona, employed for that purpose. Reasonable notice follows from the relationship that if litigation became necessary to recover for the services rendered, it could well be expected to take place in Arizona. See *Rollins v. Vidmar*, 147 Ariz. 494, 711 P.2d 633 (App.1985).

Bonus further argues that its correspondence by telephone and letter to Arizona is insufficient to create the "minimum contact" necessary to establish personal jurisdiction. Arizona caselaw provides otherwise. *Aries v. Palmer Johnson, Inc.*, 153 Ariz. 250, 735 P.2d 1373 (App.1987); *Powder Horn Nursery, Inc. v. Soil & Plant Laboratory, Inc.*, 20 Ariz.App. 517, 514 P.2d 270 (1973). A defendant's physical presence in Arizona is not required to establish personal jurisdiction. "When the defendant has purposefully directed his activities at the residents of the forum state, he cannot avoid jurisdiction merely because he did not physically enter the state, ..." *Aries v. Palmer Johnson, Inc.*, supra, 153 Ariz. at 255, 735 P.2d at 1378, citing *Burger King Corp. v. Rudzewicz*, supra. Bonus admittedly retained an Arizona law firm to carry out purposeful activity on its behalf in Arizona, thus establishing a basis for personal jurisdiction. *Molybdenum Corp. of America v. Superior Court*, supra. Bonus was an active, rather than a passive, participant in causing an event to occur in Arizona, which should have put it on notice that it could be haled into an Arizona court in relation to that event. Holmes *Tuttle Broadway Ford, Inc. v. Concrete Pumping, Inc.*, supra. Bonus' behavior was purposeful, voluntary, and calculated to have effect in Arizona. "Minimum contact" with Arizona was established.

Due process is not offended by subjecting Bonus to suit in Arizona. In so holding, we express no opinion as to whether O'Connor was retained by Bonus for the full time it claims, or whether O'Connor is necessarily due the full fees it demands; that is a question for the trial court upon remand. We do, however, hold that Bonus caused an event to occur in Arizona which is the subject of this litigation, namely, at the minimum, retaining O'Connor to file an answer in a pending lawsuit.

O'Connor's request for attorney's fees on appeal is granted upon compliance with Ariz.R.Civ.App.P. 21(c), 17A A.R.S.

Reversed and remanded.

HOWARD, P.J., and LACAGNINA, C.J., concur.