775 P.2d 1097

**C & J TRAVEL, INC., a New Hampshire corporation, and New England Trolley Co., Inc., a New Hampshire corporation, Plaintiffs/Appellants,**

v.

**David W. SHUMWAY and Robin G. Shumway, husband and wife, Defendants/Appellees.**

**2 CA–CV 89–0035.**

Court of Appeals of Arizona, Division 2, Department B.

May 31, 1989.

---

**34**

Stein and Stein, P.C. by Henry M. Stein, Mesa, for plaintiffs/appellants.

Udall, Shumway, Blackhurst, Allen, Lyons & Davis, P.C. by David R. Schwartz, Mesa, for defendant/appellees.

## OPINION

LACAGNINA, Chief Judge.

C & J Travel, Inc. and New England Trolley Co., Inc., New Hampshire corporations, appeal from adverse summary judgments in favor of David W. and Robin G. Shumway, husband and wife, dismissing their complaint requesting an order of the trial court decreeing that a judgment of a New Hampshire superior court be enforced against the Shumways' community property and for a money judgment against them in the amount of the New Hampshire judgment, plus costs and attorneys' fees.

The trial court dismissed the complaint for the following reasons:

1. The issues tried in New Hampshire in the suit against David Shumway were res judicata and could not be retried,

2. A.R.S. § 25–215(D) prevented execution of the New Hampshire judgment upon community property because Robin Shumway was not a party to the New Hampshire actions, and

3. The judgment holders' compliance with the Uniform Enforcement of Foreign Judgments Act, A.R.S. §§ 12–1701 to 12–1708, was an election under § 12–1706 barring any other remedy for enforcement of the New Hampshire judgments.

We affirm.

### FACTS AND PROCEDURAL BACKGROUND

In 1986, C & J Travel and New England Trolley Co., Inc., filed separate actions in New Hampshire Superior Court against David Shumway and C & S Ventures, Inc., a corporation, for breach of vehicle lease agreements. In 1987, money judgments were entered in both actions for breach of the agreements against both defendants. Pursuant to A.R.S. §§ 12–1701 to 12–1708, the judgments were filed with the Clerk of the Maricopa County Superior Court on May 13, 1987. All provisions of the statute

were complied with, including notice to the judgment debtors. After learning that David Shumway did not have sufficient separate property to satisfy the judgments and that he was married at all times material to the actions, the creditors filed two actions, consolidated by the court, against David and Robin Shumway, seeking declaratory judgment that the marital community was liable for payment of the New Hampshire judgments. American Trolley Lines was the lessee of the vehicle lease agreements, which are the subject of the New Hampshire judgments, and the agreements were signed by David Shumway, President. Robin Shumway was not a party in the New Hampshire actions.

## UNIFORM ENFORCEMENT OF FOREIGN JUDGMENTS ACT

A. *A.R.S. §§ 12–1701 to 12–1708 not exclusive.*

■ Arizona has adopted the Uniform Enforcement of Foreign Judgments Act, and A.R.S. § 12–1706 provides: "The right of a judgment creditor to bring an action to enforce his judgment instead of proceeding under this article remains unimpaired." Thus, the procedure created by the statute is not exclusive and does not preclude a creditor's unimpaired right to bring a separate action on the foreign judgment and reduce it to judgment in a sister state. Annot., 72 A.L.R.2d 1257 (1960), *citing*, *Hoffman v. Hart*, 309 S.W.2d 709 (Mo.App. 1958).

B. *Compliance with A.R.S. §§ 12–1701 to 12–1708 an election.*

■ Judgment creditors from sister states can either comply with the provisions of A.R.S. §§ 12–1701 to 12–1708 and obtain a valid Arizona judgment or bring a separate action on the foreign judgment. The Uniform Enforcement of Foreign Judgments Act provides an expeditious

manner for enforcing the judgments of sister states by eliminating the necessity of burdening the courts with multiple lawsuits. Filing of the New Hampshire judgments in compliance with the statute was the creditors' election to transform them into valid Arizona judgments subject to the same procedures for enforcement as a judgment of an Arizona superior court.[1] Robin Shumway was not a defendant in the New Hampshire cases and cannot be added as a party to an action on the judgments in those cases in Arizona. *Hartley v. Shenandoah, Ltd.*, 170 Ga.App. 868, 318 S.E.2d 508 (1984).

### A.R.S. § 25–215(D)

■ Having elected to comply with the provisions of A.R.S. §§ 12–1701 to 12–1708 enforcement of their judgments is governed by A.R.S. § 25–215(D), which provides:

D. Except as prohibited in § 25–214, either spouse may contract debts and otherwise act for the benefit of the community. In an action on such a debt or obligation the spouses shall be sued jointly and the debt or obligation shall be satisfied: first, from the community property, and second, from the separate property of the spouse contracting the debt or obligation.

It is undisputed that although Robin Shumway was not a party to the New Hampshire judgments filed in Arizona, she was married to David Shumway when the creditors' cause of action arose and the judgments were obtained in New Hampshire. The trial court correctly granted summary judgment and dismissed the complaint seeking to enforce the New Hampshire judgments against her and her community property. *Eng v. Stein*, 123 Ariz. 343, 599 P.2d 796 (1979); *Spudnuts, Inc. v. Lane*, 139 Ariz. 35, 676 P.2d 669 (App. 1984); *Vikse v. Johnson*, 137 Ariz. 528, 672 P.2d 193 (App.1983).

---

1. Assuming arguendo the creditors are not bound by their election, the complaints would have been dismissed for failing to comply with the procedural and substantive rules governing actions on the judgments. An action on a foreign judgment can only be brought against the defendants of record in the judgment. 50 C.J.S. *Judgments* §§ 857(b) and 870 (1947). The action is on that judgment and not on the original cause of action. 50 C.J.S. *Judgments* § 870 (1947).

The reasons underlying A.R.S. § 25–215(C) and (D) were stated by this court in *Vikse:*

> The reason for the statutory provision making the community liable for community obligations incurred outside the state is to protect the rights of those creditors regardless of the fact that the obligation was not incurred in Arizona. In order to have the advantage of this provision, however, the creditor must join both spouses and thereby have personal jurisdiction over the community.

*Id.* at 530, 672 P.2d at 195.

*Vikse* also answers the creditors' argument that New Hampshire law does not require a joinder of the wife in an action for breach of contract.

> They point out that in Minnesota it is not necessary to join a spouse in an action against the other spouse, citing *Kisch v. Skow,* 305 Minn. 328, 233 N.W.2d 732 (1975). Conceding this point, the same can be said for Arizona law, providing a plaintiff does not desire a judgment enforceable against the community.
>
> Citing the Restatement (Second) of Judgments, Sec. 41 (1982), the appellants argue that the doctrine of virtual representation precludes any claim that failure to join the wives insulates the communities from liability. We disagree. This doctrine has no application in Arizona because of the statute, A.R.S. § 25–215(D) which requires joinder.
>
> A.R.S. § 25–215(D) requiring joinder is not limited to contract actions as argued by the appellants. Likewise, we do not agree that requiring the joinder of a spouse in order to bind the community violates the full faith and credit clause, U.S. Const. art. IV, Sec. 1. All that needed to be done here, assuming community liability, was to join both spouses in the Minnesota lawsuit.

*Id.* at 530–531, 672 P.2d at 195–196.

## RES JUDICATA AND MERGER

■ In addition to the statute requiring joinder of both spouses in order to make the community liable, the doctrine of res judicata prevents a second action against David Shumway. As noted in the recitation of facts, C & J and New England sued David Shumway and C & S Ventures for breach of contract. Money judgments were obtained for the total amount of delinquent lease payments. No procedural impediment prevented the creditors from joining Robin Shumway as a defendant in those cases if they intended to assert her liability for failure to make lease payments on the lease to C & J executed by her husband as president. The complaint in this case prays for judgment against Robin for the total amount of the judgment without the benefit of any allegations imposing liability on her individually. Assuming the debt contracted by David was for the benefit of the community and the provisions of A.R.S. § 25–215(D) were complied with, the judgment obtained could still not be satisfied out of Robin's separate property because she was the non-contracting spouse. The doctrines of merger and res judicata prevent relitigation against David of all issues which could have been raised regarding liability for the debt which formed the basis for the New Hampshire judgments.

> The doctrine of merger of a cause of action in a judgment rendered thereon proceeds upon the principle that a superior right covers an inferior right, or that a security of a higher nature extinguishes a security of an inferior nature, and that a judgment is of a higher right or security than an ordinary cause of action. An additional reason suggested for the doctrine of merger is that it would be vexatious to one party and of no benefit to the other to permit the existence of both the original cause of action and the judgment rendered thereon. Sometimes, the doctrine of merger is based upon an election by the creditor to take such a judgment, in which case the extinguishment of his cause of action by the recovery of the judgment is presumed to have been intended by him.
>
> It is also worthy of notice that with respect to the primary function of the doctrine of merger to bar subsequent actions on the original cause of action,

the doctrines of merger and of res judicata are identical, and both are grounded upon the same fundamental precepts. Hence, the doctrine of merger has also been supported on the ground that public policy does not tolerate the practice that a matter once adjudicated should again be the subject of judicial inquiry.

46 Am.Jur.2d *Judgments* § 384, at 552–553 (1969) (footnotes omitted.)

The creditors can only recover on the judgments they hold against David Shumway and cannot sue him again for breach of contract. The doctrine of res judicata bars all subsequent actions against David for the same claim of breach of contract and demand for damages involved in the New Hampshire judgments domesticated in Arizona. 46 Am.Jur.2d *Judgments* §§ 404 and 405 (1969); *Matusick v. Arizona Public Service,* 141 Ariz. 1, 684 P.2d 882 (App. 1984).

The cause of action in the present complaint is the same as sued upon in New Hampshire for breach of vehicle leases. The defendant, David Shumway, is the same defendant, and C & J Travel and New England Trolley are the same plaintiffs. The New Hampshire judgments are final, and the doctrines of merger and res judicata prevent the creditors from suing David Shumway again. The inability to sue David on the original cause of action for the reasons stated above, prevent the creditors from complying with A.R.S. § 25–215(D) because both spouses cannot be sued jointly unless and until the domesticated judgments based on the final New Hampshire judgments are vacated or set aside pursuant to procedural and legal rules which might permit that action.

Affirmed.

Attorneys' fees are denied.

ROLL, P.J., and FERNANDEZ, J., concur.