**Ricky L. WEIMER, Plaintiff,**

v.

**MARICOPA COUNTY COMMUNITY COLLEGE DISTRICT, a body politic, et al., Defendants.**

**No. Civ 96–2461–PHX–RCB.**

United States District Court, D. Arizona, Phoenix Division.

Oct. 15, 1998.

Joseph A. Velez, Scottsdale, Arizona, for plaintiff.

Joseph T. Clees, Bryan Cave LLP, Phoenix, Arizona, for defendants.

**ORDER**

BROOMFIELD, Chief Judge.

Pending before the court is Defendants' Rule 19 motion to join Betty Jane Weimer and the Weimer marital community as party plaintiffs [1] or, in the alternative, to dismiss for failure to name an indispensable party. The court now rules on the motion.

### I. FACTUAL BACKGROUND

Ricky Weimer worked for the Maricopa County Community College District ("MCCCD") for eleven and a half years. Complaint ¶ 6. The Governing Board of the MCCCD terminated him on February 27, 1996. *Id.*

Mr. Weimer brought suit against MCCCD and the members of the Governing Board, claiming breach of contract, wrongful termination, and violations of his constitutional rights under 42 U.S.C. § 1983. *Id.* ¶¶ 1–5. Mr. Weimer seeks damages for, among other things, his loss of income. *Id.* ¶ 24.

Ricky and Betty Jane Weimer have been married twenty-seven years. *See* Defendants' Exhibit A. Ricky Weimer is a resident of the State of Arizona, *see* Complaint

---

1. The court holds that it cannot join the marital community because the community does not constitute a legal entity that can sue or be sued. *See Essex Eng'g Co. v. Credit Vending, Inc.,* 732 F.Supp. 311, 315 (D.Conn.1990); *Mortensen v. Knight,* 81 Ariz. 325, 305 P.2d 463, 467 (1956). The rest of the discussion focuses exclusively on joinder of Betty Jane Weimer.

¶ 1, and Betty Jane Weimer apparently resides in the same household. *See* Defendants' Exhibit A. Betty Jane Weimer is not a plaintiff in the lawsuit.

## II. LOCAL RULE 1.10(i)

Plaintiff failed to file a response to Defendants' motion. Local Rule 1.10(i) allows the court to summarily grant those motions where the adverse party fails to respond. In relevant part the rule states: "[I]f the opposing party does not serve and file the required answering memoranda ... such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." However, the Ninth Circuit has articulated a requirement that such motions be facially meritorious. *See Henry v. Gill Indus.*, 983 F.2d 943, 950 (9th Cir.1993). As such, the court will examine Defendants' motion to determine if it meets this standard.

## III. MERITS OF THE MOTION

Rule 19(a) of the Federal Rules of Civil Procedure states:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party.

Defendants offer two meritorious reasons why Rule 19(a) requires joinder of Betty Jane Weimer.[2]

First, Betty Jane Weimer's interests in the lawsuit could as a practical matter be impaired if she is not joined. Part of the damages sought by Plaintiff are his lost earnings, which are community property. Ariz. Rev.Stat.Ann. § 25–211 (West 1991); *Shaw v. Greer*, 67 Ariz. 223, 194 P.2d 430, 431 (1948). Therefore, Betty Jane Weimer has an interest in the present lawsuit. Although Defendants have presented no evidence that Mr. Weimer is not adequately representing Mrs. Weimer's community property interests, the court finds that the preferable method of protecting her interests is to join her as a party plaintiff. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966) (strongly encouraging joinder of parties).

Second, in Mrs. Weimer's absence, complete relief may be denied those already parties to the action. Plaintiff bases his cause of action on both 42 U.S.C. § 1983 and a state law claim of breach of contract. Federal law authorizes an award of attorneys' fees to the prevailing party in a § 1983 action. *See* 42 U.S.C. § 1988(b) (Supp.1998). Likewise, Arizona law authorizes an award of attorneys' fees to the successful party in any action arising out of contract. *See* Ariz.Rev. Stat.Ann. § 12–341.01 (West 1992). Under Arizona community property law, however, a "judgment against one spouse does not bind the community." *Spudnuts, Inc. v. Lane*, 139 Ariz. 35, 676 P.2d 669, 670 (1984). For a party to hold the marital community accountable for any obligation, it must sue both spouses jointly. *Id.* In this case, Mrs. Weimer must be joined as a plaintiff for the marital community to be bound under a judgment awarding attorneys' fees to Defendants.

2. In its research, the court found one Arizona case stating that a plaintiff spouse was a proper though not a necessary party in a defamation action by the other spouse seeking damages constituting community property. *See Dombey v. Phoenix Newspapers, Inc.*, 147 Ariz. 61, 708 P.2d 742, 747 (1985), *vacated on other grounds*, 150 Ariz. 476, 724 P.2d 562 (1986). The issue in *Dombey* was only whether the spouse was a proper party, and the Arizona court gave no reasoning as to why it found the spouse not to be a necessary party. This court finds that the circumstances in *Dombey* differ from those in this case, primarily because of the potential award of attorneys' fees in Defendants' favor.

Because, in her absence, complete relief cannot be afforded to those already parties, Mrs. Weimer is a necessary party under Rule 19(a). Mrs. Weimer also is apparently a resident of the State of Arizona and thus subject to this court's jurisdiction.

IT IS ORDERED denying in part and granting in part Defendants' motion to join Betty Jane Weimer and the Weimer marital community (doc. 83–1). The court orders that Betty Jane Weimer be joined in the lawsuit as a plaintiff. The court denies Defendant's motion to join the Weimer marital community.

IT IS FURTHER ORDERED denying as moot, based on the present order, Defendants' motion to dismiss for failure to name an indispensable party (doc. 83–2).