NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 16 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD WILLIAM BRENNAN, | No. 22-16010 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-01403-KJM-DMC |
| v. | |
| RALPH DIAZ; CALIFORNIA DEPARTMENT OF CORRECTIONS, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Submitted May 12, 2023**
San Francisco, California

Before: FRIEDLAND and BENNETT, Circuit Judges, and BENNETT,*** District Judge.

Plaintiff Richard Brennan appeals the district court's order denying his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

motion for relief from judgment under Fed. R. Civ. P. 60(b).[1]  We have jurisdiction under 28 U.S.C. § 1291 and review the district court's decision for abuse of discretion.  *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004).

The district court acted within its discretion in denying Brennan's Rule 60(b) motion.  "A district court abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact."  *Hall v. Haws*, 861 F.3d 977, 984 (9th Cir. 2017) (internal quotation marks and citation omitted).  First, the district court correctly identified the relevant legal standard and elaborated on its application.  As the district court noted, Rule 60(b) enables a court to "relieve a party" from a judgment or order for various reasons, Fed. R. Civ. P. 60(b), such as "mistake, inadvertence, surprise, . . . excusable neglect," *id.* 60(b)(1), or "newly discovered evidence," *id.* 60(b)(2).  The court can also grant the motion for "any other reason that justifies relief."  *Id.* 60(b)(6).  While Rule 60(b)(6) should be "liberally applied . . . to accomplish justice," *In re Int'l Fibercom, Inc.*, 503 F.3d 933, 941 (9th Cir. 2007) (internal quotation marks and citations omitted), "judgments are not often set aside under" it, *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006).  We have also held that

---

[1] We note that "[a]n appeal from a denial of a Rule 60(b) motion brings up only the denial of the motion for review, not the merits of the underlying judgment."  *Molloy v. Wilson*, 878 F.2d 313, 315 (9th Cir. 1989).

Rule 60(b)(6) should be applied "sparingly as an equitable remedy to prevent manifest injustice," *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (internal quotation marks and citation omitted), or to correct a clear error, *Gagan v. Sharar*, 376 F.3d 987, 992 (9th Cir. 2004).

Second, the district court did not clearly err in its factual findings. Brennan based his motion on a seven-page excerpt from the transcript of his 2012 state court sentencing hearing.[2] Brennan argued that this transcript demonstrated as an "indisputable, undeniable fact" that his parole was only supposed to last three years, and that it would be a "miscarriage of justice" if the district court's judgment rejecting his claims remained intact.[3]

The district court first found that the 2012 transcript was "not 'newly discovered' as it 'could have been discovered' . . . had [Brennan's] counsel engaged in 'reasonable diligence.'" In July 2020, Brennan filed his federal lawsuit

---

[2] The sentencing judge stated: "Pursuant to Penal Code section 3000, you will be placed on parole for a period of three years following release from prison. Any violation of parole, either because you have absconded or were in custody, will not be counted towards the parole period."

[3] On appeal, Brennan argues only that the district court abused its discretion by not granting his post-judgment motion "in the interest of justice" as he had presented "indisputable evidence" that his parole period should have expired. Therefore, we do not look to any part of Rule 60(b) other than subsection six. *Cf. Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e review only issues which are argued specifically and distinctly in a party's opening brief." (internal quotation marks and citation omitted)).

to terminate his state parole term. He alleged that his parole period was supposed to have been *five* years and should have ended in 2019. He sought a preliminary "injunction terminating [his] parole." Brennan's counsel realized, however, that he did not have the transcript of Brennan's 2012 sentencing. Counsel did not order the transcript until at least October 2020—fourteen months after Brennan had first sued defendants over the length of his parole, which he originally did in state court.

"A party seeking to re-open a case under Rule 60(b) must demonstrate . . . circumstances beyond his control that prevented him from proceeding . . . in a proper fashion." *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007) (internal quotation marks and citation omitted). Brennan never made the required showing; indeed, his counsel stated that he thought he had the sentencing transcript all along. The district court thus did not clearly err in finding that the transcript was not "newly discovered" evidence; it "could have been discovered" had Brennan's counsel checked his records before initiating the federal lawsuit or filing a preliminary injunction motion.

The district court also found that the submitted excerpt of the transcript did not make it "indisputable" that Brennan's parole period was three years and had terminated in 2017. As the district court noted, the excerpt itself states that "[a]ny violation of parole, either because [Brennan] absconded or [was] in custody, will not be counted towards the parole period." Brennan did not submit any evidence

4

indicating whether he had complied with all parole conditions or ruling out the possibility that his parole had been extended.

The district court also noted that before submitting the transcript, Brennan had always argued that his parole period was five years.[4] That history itself casts doubt on Brennan's current argument that it is "indisputable, irrefutable" that his parole period was *three* years.

Finally, the district court noted that it was "unclear whether the contents of the sentencing transcript would affect the outcome of any appeal within [the] CDCR." The CDCR, not the state court sentencing judge, is the entity authorized to set Brennan's parole under California law. *Maciel v. Cate*, 731 F.3d 928, 937 (9th Cir. 2013) (stating that under California law, "parole and registration requirements are imposed by law and are not subject to the sentencing court's discretion"); *In re Powell*, 755 P.2d 881, 885 (Cal. 1988) (stating that the Board of Prison Terms "is the administrative agency authorized to grant parole and fix

---

[4] The district court had found in an earlier order that Brennan's "five year" argument "rest[ed] on a single document whose accuracy [had been] called into question." The district court had pointed out that Brennan was relying on a Legal Status Summary from 2012 prepared by the California Department of Corrections and Rehabilitation ("CDCR"), but "*all of* . . . Brennan's discharge documentation properly show[ed] a ten-year parole period." Two documents—a Legal Status Summary from 2020 prepared by the CDCR and a Determinate Sentence Law Release Date Calculation—both identified Brennan's parole period as *ten* years.

release dates"[5]).  Given all these facts, the district court did not abuse its discretion in finding that the sentencing transcript was *not* "indisputable" evidence that Brennan's parole period had ended in 2017.[6]

**AFFIRMED.**

---

[5] The Board of Prison Terms has been replaced by the Board of Parole Hearings.  Cal. Penal Code § 5075.  The Board of Parole Hearings is within the CDCR's jurisdiction.

[6] Because we affirm the district court's decision based on its Rule 60(b) analysis, we have no need to consider whether *Heck v. Humphrey*, 512 U.S. 477 (1994), separately bars Brennan's lawsuit.