**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: NEAL JONES; AMY JONES, | No. 23-60018 |
| Debtors, | BAP No. 22-1104 |
| ------------------------------ | |
| NEAL JONES; AMY JONES, | MEMORANDUM* |
| Appellants, | |
| v. | |
| RUCHIR PATEL, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Faris, Lafferty III, and Spraker, Bankruptcy Judges, Presiding

Submitted November 9, 2023**
Phoenix, Arizona

Before:     SCHROEDER, COLLINS, and DESAI, Circuit Judges.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The bankruptcy court entered judgment in favor of judgment creditor, Ruchir Patel, holding that his Illinois judgment was enforceable against the community property of Appellants Neal and Amy Jones in Arizona. The Bankruptcy Appellate Panel ("BAP") affirmed, and the Joneses appeal. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.

Appellants contend that under Ariz. Rev. Stat. § 25-215(D), the judgment is not enforceable against the community because Patel did not join both spouses in the Illinois action. We have held that § 25-215(D) does not require joinder to execute a foreign judgment against community property where, as here, the debt is a community obligation, and there was no basis to name both spouses in the foreign action. *See Gagan v. Sharar*, 376 F.3d 987, 992 (9th Cir. 2004).

Appellants acknowledge *Gagan* but contend that an intervening Arizona Supreme Court decision undermines its holding. *See Lattin v. Shamrock Materials, LLC*, 503 P.3d 116 (Ariz. 2022). *Lattin*, however, involved an award of fees and costs, not a foreign judgment. *Id.* at 120. It did not affect the validity of *Gagan* or overrule any of the cases on which *Gagan* relied.

There is no reason to certify this case to the Arizona Supreme Court. *See Childress v. Costco Wholesale Corp.*, 978 F.3d 664, 665 (9th Cir. 2020). *Gagan*

assesses the relevant Arizona case law and is binding precedent requiring affirmance. Certification would only create further delay.

**AFFIRMED.**